UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------x
SERGE MAIGNAN, et al.,

                Plaintiffs,

  -against-                              <u>MEMORANDUM AND ORDER</u>
                                        09-CV-4305 (ILG)
BFL, INC., et al.,

                Defendants.

---------------------------------------------x

GLASSER, United States Senior District Judge:

      On November 19, 2007, a collision occurred on the Cross Bronx Expressway between a vehicle operated by Serge Maignan and a vehicle operated by John Nathan Parker and owned by BFL, Inc. On December 17, 2008, plaintiffs Serge and Marguerite Maignan filed a summons and verified complaint in the Supreme Court for the State of New York, Bronx County, which was served on defendants BFL, Inc. and John Nathan Parker on December 31, 2008. On March 17, 2009, plaintiffs served a verified bill of particulars on defendants alleging damages in excess of $100,000. On July 28, 2009, plaintiffs delivered to defendants a demand letter seeking $5.5 million. On October 7, 2009, defendants filed a notice of removal in this Court. Plaintiffs promptly moved to remand the case back to state court on October 19, 2009. Defendants have not filed any response to plaintiffs' motion.

**DISCUSSION**

**1. Venue**

As an initial matter, defendants have removed this case to the wrong federal district court. Under 28 U.S.C. § 1441(a), removal is proper only to the district court for the district "embracing the place where such action is pending." Because this case was originally filed in Bronx Supreme Court, it should have been removed to the Southern District of New York, not the Eastern District.

Although it was removed to the wrong venue, this is treated as a procedural error, not an issue of subject matter jurisdiction. Port Authority of New York and New Jersey v. American Warehousing of New York, Inc., No. 04 Civ. 6092GEL, 2004 WL 2584886, at *1 (S.D.N.Y. Nov. 10, 2004) (holding that "removal to the wrong district is a procedural defect, like improper venue, which [is] waived by the failure to object to it timely." (alteration in original) (quoting Cook v. Shell Chemical Co., 730 F. Supp. 1381, 1382 (M.D. La. 1990)); see also Peterson v. BMI Refractories, 124 F.3d 1386, 1394 (11th Cir. 1997) ("[F]ailure to comply with the geographic requirements of § 1441(a) is a procedural defect that does not deprive a district court of subject matter jurisdiction in a removed case."). Had defendants moved to remand on the basis of this error, it surely would have been granted, but, having made no such argument, it is waived.[1]

**2. Motion to Remand**

Defendants argue that the removal was untimely under 28 U.S.C. § 1446(b). Under 28 U.S.C. § 1447(c), a motion to remand for reasons other than lack of subject matter jurisdiction

---

[1] Although there is some authority for the proposition that a district court could dismiss a case removed to the wrong district *sua sponte*, see Mortensen v. Wheel Horse Products, Inc., 772 F. Supp. 85, 90 (N.D.N.Y. 1991) (arguing that, although subject matter jurisdiction exists, court does not have jurisdiction to hear case, and must transfer under 1406(a)), this Court believes that the better view is that, absent a motion by a party, the Court should treat such an argument as waived. Concession Consultants, Inc. v. Mirisch, 355 F.2d 369, 371 (2d Cir. 1966) ("Since the right to attack venue is personal to the parties and waivable at will, a district judge should not, in the absence of extraordinary circumstances, impose his choice of forum upon the parties by deciding on his own motion that there was a lack of proper venue.").

must be made within 30 days of the notice of removal. Plaintiffs filed the notice of removal on October 7, 2009, and defendants moved for a remand on October 19, 2009. Thus, the motion is timely, and the Court must determine whether the case was properly removed.

### 3. Timeliness of Notice of Removal

Under 28 U.S.C. § 1446(b), defendants must generally file a notice of removal within 30 days of service of the initial pleading. If, however, it is not clear from the initial pleading that the case is removable, then the thirty day limitation period will not begin to run until defendants receive "an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable." Id. Under 28 U.S.C. § 1441(a), an action brought in state court which would have been within the original jurisdiction of the district court is removable. Defendants removed on the basis of 28 U.S.C. § 1332, which grants this Court original jurisdiction over disputes between citizens of different states wherein the amount in controversy exceeds $75,000.

Assuming, *arguendo*, that the initial complaint was insufficient to give adequate notice of the amount in controversy,[2] then the 30 day limit on removability would begin to run when the defendants first became aware that the amount in controversy exceeded $75,000. On July 28, 2009, plaintiffs sent a demand letter requesting a total of $5.5 million in damages. This was undeniably sufficient to place defendants on notice that the amount in controversy exceeded $75,000. Defendants themselves, in their notice of removal stated that "this case was not

---

[2] The complaint alleged injury in general terms, stating, for example, that Mr. Maignan "was severely injured in and about various parts of his person, suffered, still suffers and will continue to suffer great physical and mental pain and bodily injuries, and became sick, sore, lame and disabled." Compl. ¶ 11. Similarly, Mrs. Maignan alleged the loss of her husband's "services, society, comfort and consortium." Compl. ¶ 17. The only direct references to a dollar amount were allegations that the damages exceed "the jurisdictional requirement of all lower [New York State] Courts," id. ¶¶ 14, 17, *i.e.* $25,000, N.Y. Const. Art. VI, § 15.

3

'removable' until plaintiff replied to the Petitioners' Demand for Damages, asserting that plaintiffs demand $5,500,000 in damages by their response dated July 28, 2009." Notice of Removal ¶ 5. Defendants did not remove the case, however, until October 7, 2009—well beyond the 30 day removal period.[3]

The removal statute is construed strictly. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108 (1941). "Absent a finding of waiver or estoppel, courts rigorously enforce the statute's thirty-day filing requirement." Sbarro, Inc. v. Karykous, No. CV 05 2311 CPS, 2005 WL 1541048 (E.D.N.Y. June 29, 2005) (internal quotations omitted). Because the time limits are construed strictly and defendants failed to comply, the case was not properly removed to this Court and must be remanded.

## CONCLUSION

For the aforementioned reasons, plaintiffs' motion to remand is GRANTED.

SO ORDERED.


Dated:   Brooklyn, New York
         May 24, 2010


                                            /s/
                                  I. Leo Glasser
                                  United States Senior District Judge

---

[3] In fact, the clock for removal should have started running several months earlier. On March 17, 2009, plaintiffs served defendants with a verified bill of particulars. This bill of particulars included itemized damages in excess of $100,000, in addition to unspecified damages for pain and suffering and other future expenses. Verified Bill of Particulars ¶¶ 9–10, 17.

**Copies of the foregoing memorandum and order were electronically sent to:**

**Counsel for the Plaintiffs**

Morton Povman
108-18 Queens Boulevard
Forest Hills, NY 11375

**Counsel for the Defendants**

Thomas Vincent Backis
Lester Schwab Katz & Dwyer LLP
116 John Street
New York, NY 10038